SCHARFF CONSTRUCTION AND REALTY COMPANY, complainant-respondent,

*v.*

PHILIP J. BOWERS, defendant-appellant.

[Submitted December 9th, 1912.   Decided March 3d, 1913.]

1. No legal or equitable right can be founded on an oral agreement made contemporaneously with the execution and delivery of a written agreement for the sale of lands and modifying it, there being no allegation of fraud or mistake in the bill, which is one filed for specific performance.

2. Undoubtedly a written agreement may be modified or altered by a parol agreement, if the parol is made subsequent to the written, but if they are made contemporaneously, the written must be taken in the absence of fraud or mistake, to be the sole repository of the intention of the parties, and the only competent evidence of their agreement.

On appeal from an order of the chancellor overruling defendant's demurrer.

*Mr. Egbert J. Tamblyn,* for the appellant.

*Mr. Samuel Roessler,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The appellant appeals from an order made by the chancellor overruling a demurrer filed by defendant to a bill filed by complainant for specific performance.

The bill recites that by a written agreement entered into between the complainant and defendant, May 24th, 1900, the latter agreed to convey to the former, for the sum of $10,500, a tract of land in the city of Newark fronting on Orange street; that it was expressly provided in the agreement that the land should be conveyed subject to certain restrictions contained in the agreement between one Hermann and Gould, recorded in Book of Deeds 15 for Essex county; that the consideration should be paid as follows: $150 on the execution and delivery of the agreement (which was paid), a further sum of $100 to be paid on the 24th of June, 1910; the complainant to accept a deed of conveyance subject to a mortgage of $5,000 and to give a purchase-money mortgage on the property for $4,500, and the balance of the purchase-money, $750, to be paid on the delivery of the deed. The agreement contained the further stipulation that the complainant might enter into and take possession of the premises on the 1st day of August following, and that the deed should be delivered on that day.

The bill then alleges, that although by the terms of the written agreement it is provided that the title was to be closed and deed delivered on the 1st day of August, 1910, it was expressly understood and agreed orally between the parties that the time for the delivery of the deed should not be of the essence of such agreement in writing, and it was further agreed "at the time of the execution and delivery of said agreement in writing, by and between the parties thereto, to wit, on the 24th day of May, 1910," that the defendant would postpone the closing of the title until such time as the complainant could procure a release of the restrictions referred to in the written agreement, or in the event of the failure of the complainant to procure such release, then until such time as it should notify the defendant of its inability to do so, in either of which events the complainant should immediately thereafter accept title to said lands and premises, &c.

In overruling the demurrer to the bill, the chancellor, in the opinion filed by him, states these grounds: "The bill alleges an agreement by the parties for the enlargement of the time for passing title to the premises in question, and besides the defendant seeking to put the complainant in default has not tendered

performance to the complainant. For these reasons the demurrer should be overruled."

It is obvious from the oral agreement set forth in the bill that it contains much more than a mere "enlargement of the time for passing title to the premises in question." Viewed in any aspect it is a modification of the terms of the written agreement. Having been made contemporaneously with the execution and delivery of the written agreement and there being no allegation of fraud or mistake, no legal or equitable right can be founded thereon. The written agreement is the only competent evidence of the intention of the parties and their agreement. This rule of law is elementary. *French* v. *Griffin, 18 N. J. Eq. (3 C. E. Gr.) 280.*

The rule is well expressed by Vice-Chancellor Van Fleet in *Parker* v. *Jameson, 32 N. J. Eq. (5 Stew.) 223,* as follows: "Undoubtedly a written agreement may be modified or altered by a parol agreement, if the parol is made subsequent to the written, but if they are made contemporaneously, the written must be taken in the absence of fraud or mistake, to be the sole repository of the intention of the parties, and the only competent evidence of their agreement. Until a contract is reduced to writing and executed by the parties, it is always subject to such parol changes and modifications as the parties choose to make; but after it is put into writing and executed by the parties, the writing itself, in the absence of fraud or mistake, must be taken as conclusive evidence as to what were the ultimate intentions and purposes of the parties, and the only competent evidence of what they meant."

The order of the chancellor overruling the demurrer will be reversed, with the direction to the court below that the bill be dismissed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, Treacy—12.